PAUL L. REIN, Esq. (SBN 43053)
AARON M. CLEFTON, Esq.  (SBN 318680)
REIN & CLEFTON, Attorneys at Law
200 Lakeside Drive, Suite A
Oakland, CA  94612
Telephone:  510/832-5001
Facsimile:  510/832-4787
info@reincleftonlaw.com

Attorneys for Plaintiff
JAMES LLEWELLYN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LLEWELLYN,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>WESTERN DENTAL SERVICES, INC.; GERALD R. GRAHAM, SR. and GERALD R. GRAHAM, JR.<br><br><br>　　　Defendants. | CASE NO.<br><u>Civil Rights</u><br><br>COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, PER FEDERAL AND CALIFORNIA STATUTES (including CIVIL CODE §§ 51, 52, 54, 54.1, 54.3 and 55; and HEALTH & SAFETY CODE §§ 19953 *et seq.)*; INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990 (including 42 USC §§ 12181 *et seq.*)<br><br><u>DEMAND FOR JURY TRIAL</u> |

　　　Plaintiff JAMES LLEWELLYN complains of Defendants WESTERN DENTAL SERVICES, INC. GERALD R. GRAHAM, SR. and GERALD R. GRAHAM, JR., and each of them, and alleges as follows:

　　　1.　　**INTRODUCTION:** The access grab bar in Defendants' dental office broke loose from the restroom wall when used by Plaintiff resulting in painful physical personal injuries as well as an uncomfortable and embarrassing denial of disabled access, resulting in damages for Plaintiff JAMES LLEWELLYN, a qualified disabled person.  Plaintiff encountered multiple barriers to access at the premises, including inaccessible paths of travel, restrooms, service counters, and examination rooms at Western Dental (the "Dental Office") located at 1821

1

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

Concord Ave, Concord, California, on or about July 25, 2019. He suffered physical personal injuries when he fell in the men's restroom after an improperly mounted and configured grab bar ripped out of the wall when he grasped it to transfer to his wheelchair after using the toilet. Furthermore, there was insufficient transfer space in the restroom. The dental chairs themselves were also inaccessible.

2.  Plaintiff JAMES LLEWELLYN is a "person with a disability" or "physically handicapped person" who requires the use of a wheelchair for locomotion and is unable to use portions of public facilities which are not accessible to mobility disabled persons, including those who require the use of a wheelchair. Plaintiff was denied his right to full and equal access at this facility, and was denied his civil rights under both California law and federal law, because the Western Dental office failed to comply with federal and California access requirements. Plaintiff seeks injunctive relief to require Defendants to make these facilities accessible to disabled persons and to enact policies and procedures that ensure that the accessible features at the facilities are properly maintained. Plaintiff also seeks recovery of damages for his discriminatory experiences and denial of access and of civil rights, which denial is continuing as a result of Defendants' failure to provide disabled accessible treatment procedures and facilities. Plaintiff also seeks recovery of reasonable statutory attorney fees, litigation expenses and costs, under federal and state law.

3.  **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 USC section 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC sections 12101 *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of Health & Safety Code sections 19953-19959; California Civil Code sections 51, 52, 54, 54.1, 54.3 and 55; and Title 24 California Code of Regulations, the California State Building Code.

4.  **VENUE:** Venue is proper in this court pursuant to 28 USC section 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

5. **INTRADISTRICT:** This case should be assigned to the Oakland intradistrict as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

6. **PARTIES:** Plaintiff is a "qualified" physically disabled person who cannot walk due to Multiple Sclerosis and who requires use of a wheelchair for locomotion. He owns a disabled licensed vehicle which entitles him to park in a properly configured disabled accessible parking space. He has been issued a California state placard for disabled parking.

7. Defendants WESTERN DENTAL SERVICES, INC. GERALD R. GRAHAM, SR. and GERALD R. GRAHAM, JR., are and were the owners, operators, lessors and/or lessees of the subject business, property and building at all times relevant to this Complaint. Plaintiff is informed and believes that each of the Defendants herein is the agent, employee or representative of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.

8. The dental office is a place of "public accommodation and business establishment" subject to the requirements of multiple categories of 42 USC section 12181(7) of the Americans with Disabilities Act of 1990, of California Health & Safety Code sections 19953 *et seq.*, of California Civil Code sections 51 *et seq.*, and of California Civil Code sections 54 *et seq.* On information and belief, the dental office and its facilities were constructed after July 1, 1970, and since then have also undergone construction and/or "alterations, structural repairs, or additions," subjecting each such facility to disabled access requirements per Health & Safety Code sections 19955-19959 *et seq.*, and, as to construction and/or alterations since January 26, 1993, to the disabled access requirements of section 12183 of the Americans with Disabilities Act of 1990. Such facilities constructed or altered since 1982 are also subject to "Title 24," the California State Architect's Regulations, also known as the California Building Code. Further, irrespective of the alteration history, such premises are subject to the "readily achievable" barrier removal requirements of Title III of the Americans with Disabilities Act of 1990, as defined by the ADA.

42 USC § 12181(9).  Further, Plaintiff's claims relate to discriminatory policies and practices, as well as encountering architectural barriers, and improvement of those policies and practices is itself readily achievable.

**FIRST CAUSE OF ACTION:
DAMAGES AND INJUNCTIVE RELIEF
FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES  IN A PUBLIC ACCOMMODATION**
**(California Health & Safety Code §§ 19955 *et seq.*, Civil Code §§ 54 *et seq.*)**

9. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 8, above, and incorporates them herein by reference as if separately repled hereafter.

10. Plaintiff JAMES LLEWELLYN and other similarly situated physically disabled persons, including those who require the use of a wheelchair or other assistive device, are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code sections 19955 -19959.  Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code sections 19955 *et seq.*  Further, Plaintiff is also protected against policy and architectural barrier discrimination by California Civil Code sections 54 and 54.1, the "Disabled Persons Act." "Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places." Civil Code § 54(a).  Furthermore, "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities . . . and other places to which the general public is invited."  Civil Code § 54.1(a).  Additionally, any violation of the ADA, including but not limited to any violation of 42 USC sections 12182 and 12183, is also incorporated as a violation of the Disabled Persons Act.  Civil Code §§ 54(c), and 54.1(d).

11. On information and belief, the provisions of both Health and Safety Code sections 19955 and 19955.5, apply to the subject facilities.  Health & Safety Code sections 19955 and

1    19955.5 were each enacted "[t]o ensure that public accommodations or facilities constructed in
2    this state with private funds adhere to the provisions of Chapter 7 (commencing with Section
3    4450) of Division 5 of Title 1 of the Government Code."  The code relating to such public
4    accommodations also requires that "When sanitary facilities are made available for the public,
5    clients, or employees... they shall be made available for persons with disabilities."

6          12.    Title 24, California Code of Regulations, formerly known as the California
7    Administrative Code, was in effect at the time of each alteration which, on information and belief,
8    occurred at such public facility since January 1, 1982, thus requiring access complying with the
9    specifications of Title 24 whenever each such "alteration, structural repair or addition" was
10   carried out.  On information and belief, Defendants and/or their predecessors in interest carried
11   out new construction and/or alterations, structural repairs, and/or additions to such buildings and
12   facilities during the period Title 24 has been in effect.  Further, Plaintiff alleges, on information
13   and belief, that construction, alterations, structural repairs, and/or additions which triggered
14   access requirements at all relevant portions of the dental office, also occurred between July 1,
15   1970, and December 31, 1981, and required access pursuant to the A.S.A. (American Standards
16   Association) Regulations then in effect, pursuant to the incorporated provisions of California
17   Government Code sections 4450 *et seq*.  Further, on information and belief, alterations to the
18   building after the initial construction also occurred after January 1, 1972, triggering access
19   requirements pursuant to Health and Safety Code section 19959, and as to any alterations or
20   additions after January 26, 1993, triggering access requirements pursuant to ADA requirements
21   specified in 42 USC sections 12182 and 12183.

22         13.    **FACTUAL STATEMENT**:   Plaintiff is a qualified disabled person whose
23   mobility is impaired due to Multiple Sclerosis. As a result he requires the use of accessible
24   restroom features, including but not limited to sufficient side-transfer space, and properly
25   installed grab bars that can support his weight.

26         14.    On or about the afternoon of July 25, 2019, Plaintiff had an appointment for dental
27   work to be done at the Western Dental facility located at 1821 Concord Ave, Concord, California.
28         15.    Upon entering the facility, in his wheelchair Plaintiff noticed there was no lowered

section of the transaction counter, and he had difficulty registering for his appointment as a result.

16.    Once he was called to receive treatment, Plaintiff encountered temporary obstructions in the path of travel to the dental chair.  When he arrived at the dental chair, there was very little room for him to maneuver his wheelchair beside the chair, making transfer difficult.  This difficulty was exacerbated because the dental chair pivoted and was not stable while Plaintiff transferred.  Plaintiff was able to overcome this obstacle and transfer.  However, upon transferring, without asking Plaintiff's permission, the dentist lifted Plaintiff's legs onto the chair, causing Plaintiff embarrassment at not being able to transfer independently.  It also caused Plaintiff discomfort because the Dentist moved his legs without permission.

17.    After Plaintiff's dental work was complete, he needed to use the restroom.  There were temporary barriers that caused Plaintiff difficulty when navigating his chair to the restroom, such as movable chairs. When Plaintiff entered the restroom there was not enough side transfer space for him to move his wheelchair directly parallel and adjacent to the toilet.  Instead he was positioned at an angle.  This caused him fear that he would not be able to safely transfer onto the toilet.  With some difficulty, however, he transferred to and used the toilet.

18.    As he attempted to transfer back to his wheelchair from the toilet he grasped and pushed against the side grab bar, but the grab bar broke loose from the wall.  Plaintiff lost his balance and tumbled to the floor. He hit his head, and momentarily lost consciousness. When he regained awareness and realized what had happened, he took a photo of the grab bar with his cell phone, see below:



19.    Embarrassed that he had caused damage to the restroom, he left the premises without speaking to anyone.  He did not seek medical treatment but remained dazed for several hours after the incident and missed work as a result of the injury.

20.    These barriers to access that Plaintiff actually encountered are listed without prejudice to Plaintiff citing additional barriers to access by an amended complaint after inspection by Plaintiff's access consultant. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011); *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir. 2011).  All of these barriers to access render the premises inaccessible to physically disabled persons who are mobility impaired, such as Plaintiff, and are barriers Plaintiff may encounter when he returns to the premises.  All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

21.    Further, each and every violation of the Americans With Disabilities Act of 1990 also constitutes a separate and distinct violation of California Civil Code section 54(c) and 54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code sections 54.3 and 55.

22.    **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiff and other physically disabled members of

the public, including but not limited to wheelchair users, from full and equal access to these public facilities.  Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second-class citizen and serve to discriminate against him on the sole basis that he is a person with disabilities who requires the use of a wheelchair for movement in public places.

23.	Plaintiff is deterred from returning to use these facilities because Defendants' policies and the lack of access would foreseeably cause him further difficulty, discomfort and embarrassment if he returned, and Plaintiff is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to and use of these public facilities.  Therefore, Plaintiff cannot return to use the Dental Office and its facilities and is deterred from further patronage until these facilities and their attendant policies are made properly accessible for disabled persons, including Plaintiff and other mobility disabled persons.  Plaintiff alleges that he intends to return once legally required access has been provided.

24.	The acts of Defendants have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.  Plaintiff seeks injunctive relief as to all inaccessible areas of the premises that he has personally encountered, and, as to all areas identified during this litigation by Plaintiff or his access consultant, that he or other similarly situated physically disabled persons may encounter in the future. *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F. 3d 939 (9th Cir. 2011); *Oliver v. Ralphs Grocery* Co., 654 F.3d 903 (9th Cir. 2011).  As to such facilities, Plaintiff prays leave to amend this complaint to obtain any additional needed injunctive relief.  As to those of the Defendants that currently own, operate, and/or lease (from or to) the subject premises, Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices and physical and policy barriers that deny full and equal access for disabled persons, and seeks an award of statutory attorney fees, litigation expenses and costs.

25.	Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendants to grant full and equal access to Plaintiff in the ways complained of and to require Defendants to comply forthwith with the applicable statutory requirements relating to

access for disabled persons. Such injunctive relief is provided by California Health & Safety Code section 19953 and California Civil Code section 55, and other law. Plaintiff further requests that the Court award damages pursuant to Civil Code section 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Health & Safety Code section 19953, Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other law, all as hereinafter prayed for.

26. **DAMAGES:** As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendants and each of them in owning, operating, leasing, constructing, altering, and maintaining the subject facilities, Plaintiff has suffered violations of his civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries, all to his damages per Civil Code section 54.3, including general and statutory damages, and treble damages, as hereinafter stated. Defendants' actions and omissions to act constitute discrimination against Plaintiff on the basis that he was and is physically disabled and unable, because of the architectural and policy barriers created and/or maintained by the Defendants in violation of the subject laws, to use the public facilities on a full and equal basis as other persons. The violations have deterred Plaintiff from returning to attempt to patronize the Dental Office and will continue to cause him damages each day this barrier discrimination continues.

27. **TREBLE DAMAGES:** Plaintiff has been damaged by Defendants' wrongful conduct and seeks the relief that is afforded by Civil Code sections 54, 54.1, and 54.3. At all times herein mentioned, Defendants were fully aware that significant numbers of potential users of their public facilities were and are and will be physically disabled persons, including wheelchair users and other mobility-impaired persons, and would have need of facilities that complied with California Title 24 and ADAAG standards for accessible facilities. Despite this knowledge, Defendants installed and maintained the physical barriers complained of, and failed to remove these barriers, and have failed to provide properly accessible facilities, including but not limited to those previously noted hereinabove, as required by state and federal law.

Defendants have continued their illegal and discriminatory practices despite actual knowledge that persons with physical mobility disabilities may attempt to patronize the subject Dental Office and encounter illegal barriers which deny them full and equal access when they do so.

28. At all times herein mentioned, Defendants knew, or in the exercise of reasonable diligence should have known, that their barriers and practices at the subject facilities violated disabled access requirements and standards, and would have a discriminatory effect upon Plaintiff and upon other physically disabled persons, but despite actual as well as implied notice, Defendants have failed to rectify the violations, and presently continue a course of conduct of maintaining architectural and policy barriers that discriminate against Plaintiff and similarly situated disabled persons. For the foregoing reasons, Plaintiff alleges that an award of statutory treble damages is appropriate.

29. **FEES AND COSTS:** As a result of Defendants' acts, omissions, and conduct, Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions of Civil Code sections 54.3 and 55, and California Health & Safety Code section 19953. Additionally, Plaintiff's lawsuit is intended to require that Defendants make their facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

**SECOND CAUSE OF ACTION:
VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED
BY CIVIL CODE SECTION 51(f)**

30. Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 29 of this Complaint and all paragraphs of

the third cause of action, as plead infra, incorporates them herein as if separately re-pleaded.

31. At all times relevant to this complaint, California Civil Code section 51 has provided that physically disabled persons are free and equal citizens of the state, regardless of medical condition or disability:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, <u>disability, or medical condition</u> are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Civil Code § 51(b). [Emphasis added.]

32. California Civil Code section 52 provides that the discrimination by Defendants against Plaintiff on the basis of his disability constitutes a violation of the general anti-discrimination provisions of sections 51 and 52.

33. Each Defendants' discrimination constitutes a separate and distinct violation of California Civil Code section 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

34. Any violation of the Americans with Disabilities Act of 1990 constitutes a violation of California Civil Code section 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including Civil Code section 52. Per Civil Code section 51(f), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

35. The actions and omissions of Defendants as herein alleged constitute a denial of access to and use of the described public facilities by physically disabled persons within the meaning of California Civil Code sections 51 and 52. As a proximate result of Defendants' action and omissions, Defendants have discriminated against Plaintiff in violation of Civil Code sections 51 and 52, and are responsible for statutory, compensatory and treble damages to Plaintiff, according to proof.

36. **FEES AND COSTS:** As a result of Defendants' acts, omissions and conduct, Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code sections 51 and 52. Additionally, Plaintiff's lawsuit is intended to require that Defendants make their facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

**THIRD CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**42 USC §§ 12101 *et seq***

37. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 36 of this Complaint and incorporates them herein as if separately re-pleaded.

38. In 1990 the United States Congress made findings that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..." 42 U.S.C. §12101.

12
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

39. Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

40. In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

> It is the purpose of this Act
>
> (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;
>
> (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and
>
> (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

41. As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*). The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes any "laundromat, dry-cleaner, bank… professional office of a health care provider, hospital, or other service establishment," 42 USC § 12181(7)(F).

42. The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182. The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

1  § 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or
2  procedures when such modifications are necessary to afford such goods, services, facilities,
3  privileges, advantages, or accommodations to individuals with disabilities...;"
4  § 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no
5  individual with a disability is excluded, denied service, segregated, or otherwise treated
6  differently than other individuals because of the absence of auxiliary aids and services...;"
7  § 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that
8  are structural in nature, in existing facilities... where such removal is readily achievable;"
9  § 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause
10 (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges,
11 advantages, or accommodations available through alternative methods if such methods are readily
12 achievable."

13       The acts and omissions of Defendants set forth herein were in violation of Plaintiff's
14 rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

15       43.   The removal of each of the physical and policy barriers complained of by Plaintiff
16 as hereinabove alleged, were at all times herein mentioned "readily achievable" under the
17 standards of sections 12181 and 12182 of the ADA.  As noted hereinabove, removal of each and
18 every one of the architectural and/or policy barriers complained of herein were already required
19 under California law.  Further, on information and belief, alterations, structural repairs or
20 additions since January 26, 1993, have also independently triggered requirements for removal of
21 barriers to access for disabled persons per section 12183 of the ADA.  In the event that removal
22 of any barrier is found to be "not readily achievable," Defendants still violated the ADA, per
23 section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and
24 accommodations through alternative methods that were "readily achievable."

25       44.   On information and belief, as of the date of Plaintiff's encounters at the premises
26 and as of the filing of this Complaint, Defendants' actions, policies, and physical premises have
27 denied and continue to deny full and equal access to Plaintiff and to other mobility disabled
28 persons in other respects, which violate Plaintiff's right to full and equal access and which have

discriminated and continue to discriminate against Plaintiff on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

45.  Defendants' actions continue to deny Plaintiff's rights to full and equal access by deterring Plaintiff from patronizing this dental office and discriminated and continue to discriminate against him on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of Defendants' goods, services, facilities, privileges, advantages and accommodations, in violation of section 12182 of the ADA.  42 U.S.C. § 12182.

46.  Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.,* Plaintiff JAMES LLEWELLYN is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of his disabilities in violation of this title or has reasonable grounds for believing that he is about to be subjected to discrimination in violation of sections 12182 and 12183.  On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public accommodation since on or before Plaintiff's encounters.  Pursuant to section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an <u>order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities</u> to the extent required by this title.  Where appropriate, injunctive relief shall also include <u>requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title</u>. [Emphasis added.]

47.  Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990.  Plaintiff JAMES LLEWELLYN is a qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may use the property and premises, or attempt to patronize this dental office, in light of Defendants' policies and

physical premises barriers.

WHEREFORE, Plaintiff requests relief as outlined below.

## **PRAYER**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless Plaintiff is granted the relief he requests. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff JAMES LLEWELLYN prays for judgment and the following specific relief against Defendants:

1. Issue a preliminary and permanent injunction directing Defendants as current owners, operators, lessors, and/or lessees of the subject property and premises to modify the above described property, premises, policies and related facilities to provide full and equal access to all persons, including persons with physical disabilities; and issue a preliminary and permanent injunction pursuant to ADA section 12188(a) and state law directing Defendants to provide facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, and to maintain such accessible facilities once they are provided; to cease any discriminatory policies, including misrepresenting that inaccessible facilities are in fact "accessible"; and to train Defendants' employees and agents in how to treat disabled persons and accommodate their rights and needs;

2. Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of physically inaccessible public facilities and policies as complained of herein no longer occur, and cannot recur;

3. Award to Plaintiff all appropriate damages, including but not limited to statutory

damages, general damages, and treble damages in amounts within the jurisdiction of the Court, all according to proof;

    4.    Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

    5.    Award prejudgment interest pursuant to Civil Code section 3291; and

    6.    Grant such other and further relief as this Court may deem just and proper.

Date: September 6, 2019                        REIN & CLEFTON

                                       */s/ Aaron M. Clefton*
By AARON M. CLEFTON, Esq.
Attorneys for Plaintiff
JAMES LLEWELLYN

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

Date: September 6, 2019                        REIN & CLEFTON

                                       */s/ Aaron M. Clefton*
By AARON M. CLEFTON, Esq.
Attorneys for Plaintiff
JAMES LLEWELLYN

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES